**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

CRAIG J. HARTIGAN,

　　　　　Plaintiff - Appellant,

v.

UTAH TRANSIT AUTHORITY,

　　　　　Defendant - Appellee.

No. 14-4070
(D.C. No. 1:12-CV-00219-TS)
(D. Utah)

### ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Craig J. Hartigan, proceeding pro se, appeals from the district court's decision granting summary judgment in favor of defendant Utah Transit Authority ("UTA") on his Title VII claims for gender discrimination and retaliation. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In early 2008, while Mr. Hartigan was employed by UTA, some of his female co-workers made complaints about his conduct. No disciplinary action was taken after the first two complaints were made. After subsequent allegations were made, Mr. Hartigan's supervisor conducted an investigation and concluded that Mr. Hartigan had violated UTA's harassment policy. Mr. Hartigan was given an opportunity to keep his job with UTA, provided he sign a Performance Agreement Letter ("Agreement"). He was warned that if he violated the Agreement, he would be terminated.

Mr. Hartigan signed the Agreement on April 3, 2008, and the next week he filed a complaint with UTA's Civil Rights Compliance Office, alleging that he had been discriminated against with regard to the investigation. The Civil Rights Compliance Office investigated his complaint but found no evidence that Mr. Hartigan was treated unfairly during UTA's investigation of the harassment allegations.

In June 2008, a series of incidents occurred involving Mr. Hartigan. UTA conducted another investigation and decided to terminate Mr. Hartigan for: (1) recording conversations during UTA's initial investigation; (2) making dishonest statements to one employee about another employee; and (3) threatening another employee.

In October 2008, Mr. Hartigan filed a charge of discrimination with the Utah Labor Commission. In October 2011, the Labor Commission held a three-day trial on Mr. Hartigan's claims. On the last day of trial, Mr. Hartigan withdrew his charge of discrimination with the Labor Commission and requested a Notice of Right to Sue in federal court. The Labor Commission dismissed Mr. Hartigan's claims with prejudice because he had voluntarily withdrawn his charge of discrimination. In October 2012, Mr. Hartigan filed the underlying complaint in this action.

The district court granted summary judgment in favor of UTA on Mr. Hartigan's discrimination and retaliation claims. Mr. Hartigan was represented by an attorney in the district court proceedings, but he is proceeding pro se on appeal.

## II.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(a)).

We first address Mr. Hartigan's argument that he has a constitutional right to have a jury decide his case. As we have explained, "[t]he Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

Title VII prohibits an employer from discharging an individual or otherwise discriminating against an individual "because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The district court considered Mr. Hartigan's discrimination claim under the *McDonnell Douglas* burden-shifting framework. Under that framework, "the plaintiff bears the initial burden of establishing a prima facie case of sex discrimination, whereupon the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge, and then back to the plaintiff to show that the stated reason is pretextual." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).

In granting summary judgment in favor of UTA, the district court concluded that Mr. Hartigan had failed to establish a prima facie case of gender discrimination, noting that there was "simply no evidence that Plaintiff's gender played any role in Defendant's decision to terminate Plaintiff's employment." Aplt. App., Vol. 2 at 489-90. The court proceeded to explain that, even if Mr. Hartigan had established a prima facie case of discrimination, UTA had provided legitimate, nondiscriminatory reasons for its employment actions, and Mr. Hartigan had failed to demonstrate that those reasons were pretextual.

As for Mr. Hartigan's retaliation claim, Title VII prohibits discrimination against an individual for opposing any act or practice made unlawful by Title VII (discrimination based on race, color, religion, sex, or national origin). *See* 42 U.S.C. § 2000e-3. The district court employed the same *McDonnell Douglas* framework

- 4 -

to analyze Mr. Hartigan's retaliation claim. The court assumed that Mr. Hartigan could establish a prima face case of retaliation, but again concluded that UTA had provided legitimate, nondiscriminatory reasons for its employment actions, and that Mr. Hartigan had failed to demonstrate that those reasons were pretextual.

On appeal, Mr. Hartigan argues generally that the district court erred in granting summary judgment in favor of UTA because "a genuine dispute of material fact exists," Aplt. Br. at 3, but he has failed to identify any reversible error in the district court's disposition of his discrimination and retaliation claims. Having reviewed the briefs, the record, and the applicable law, we conclude that the district court's decision reflects a thorough and reasoned analysis of Mr. Hartigan's claims. Accordingly, we affirm the district court's judgment for substantially the same reasons stated by the district court in its Memorandum Decision filed August 15, 2014.

Entered for the Court

Monroe G. McKay
Circuit Judge